UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TREVOR RANERE,<br><br>Plaintiff,<br><br>v.<br><br>BANNOCK COUNTY, IDAHO, et al.,<br><br>Defendants. | Case No. 4:26-cv-00383-AKB<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

## I. INTRODUCTION

Pending before the Court are pro se Plaintiff Trevor Ranere's In Forma Pauperis Application (Dkt. 1) and Complaint (Dkt. 2). Also pending is Ranere's Motion to Restrict Public Access to Form AO 240 Financial Affidavit (Dkt. 7). Pursuant to 28 U.S.C. § 1915, the Court reviews Ranere's request to determine whether he is entitled to proceed in forma pauperis, which permits civil litigants to proceed without prepayment of the filing fee or to pay the filing fee over time. *Rice v. City of Boise City*, No. 1:13-CV-00441-CWD, 2013 WL 6385657, at *1 (D. Idaho Dec. 6, 2013). The Court also undertakes an initial review of the Complaint to ensure it meets the minimum required standards. *See* 28 U.S.C. § 1915(e)(2)(B).

## II. APPLICATION TO PROCEED IN FORMA PAUPERIS

Any party instituting a civil action in a federal district court is required to pay a filing fee. 28 U.S.C. § 1914. On application, however, a party may proceed in forma pauperis. 28 U.S.C. § 1915. "[A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal . . . without prepayment of fees or security therefor." 28 U.S.C. § 1915(a)(1). To qualify for in forma pauperis status, a plaintiff

must submit an affidavit that includes a statement of all assets the plaintiff possesses and that indicates the plaintiff is unable to pay the fee required. The affidavit is sufficient if it states the plaintiff, because of poverty, cannot "pay or give security for the costs" and still be able to provide for the plaintiff and dependents the "necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). The affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (internal quotation marks omitted).

Though a litigant need not be destitute to proceed in forma pauperis, "even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense . . . the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Esquer v. Educ. Mgmt. Corp.*, 2017 WL 11453700, at *1 (S.D. Cal. June 26, 2017) (quoting *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984)).

Plaintiff states he is unemployed and received no income during the preceding twelve months (Dkt. 1 at 1). He identifies limited available funds, recurring household expenses, and a spouse and minor who depend on his support (*id.* at 2). Although he also reports ownership of real and personal property, the Court finds his limited liquid resources and lack of income establish that prepayment of the filing fee would impair his ability to provide the necessities of life for himself and his dependents. Accordingly, the Court grants Plaintiff's Application to Proceed In Forma Pauperis (Dkt. 1).

## III. MOTION TO RESTRICT PUBLIC ACCESS

Plaintiff moves to restrict public access to his financial affidavit, citing concerns about disclosure of his personal financial information while litigating against his former law enforcement employer (Dkt. 7 at 1). The affidavit contains detailed information about Plaintiff's

finances and identifies his minor child by name (Dkt. 1 at 2). Rule 5.2(a)(3) of the Federal Rules of Civil Procedure ordinarily requires the use of a minor's initials in lieu of their name in court filings. The Court may order that a filing be made under seal. Fed. R. Civ. P. 5.2(d).

Considering the sensitive financial and identifying information in the affidavit, the limited purpose for which Plaintiff submitted it, and Plaintiff's stated privacy concerns, the Court finds good cause to restrict public access to the unredacted affidavit. The Court therefore grants the motion (Dkt. 7) and directs the Clerk to restrict public access to the Application (Dkt. 1). The affidavit shall remain accessible only to the Court and the parties' counsel.

## IV. THE SUFFICIENCY OF THE COMPLAINT

The Court is required to screen complaints brought by litigants seeking in forma pauperis status. *See* 28 U.S.C. § 1915(e)(2). The Court must dismiss a plaintiff's complaint, or any portion thereof, if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief can be granted, a complaint must include facts sufficient to show a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).

During this initial review, courts generally construe pro se pleadings liberally, giving pro se plaintiffs the benefit of any doubt. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). Even so, plaintiffs, pro se or not, have the burden of articulating their claims clearly and alleging facts sufficient to support review of each claim. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). If amending the complaint would remedy the deficiencies, plaintiffs should be notified and provided an opportunity to amend. *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

Plaintiff Trevor Ranere, a former employee of the Bannock County Sheriff's Office (BCSO), brings this action arising from a criminal investigation and prosecution that followed a dispute concerning agency policy. According to the Complaint, Plaintiff had a confrontation with Defendant Captain Jeremy Taysom regarding agency policy on February 8, 2024. On February 28, BCSO command staff placed Plaintiff on administrative leave without explanation. Plaintiff contends these events marked the beginning of retaliatory conduct by BCSO officials (Dkt. 2 at 7).

Plaintiff alleges that, during the ensuing criminal investigation, a multiagency task force obtained a forensic extraction of the complaining witness's cellular telephone on March 5, 2024. According to Plaintiff, the extraction recovered deleted text messages contradicting the witness's accusations, including communications distinguishing allegations of being "groomed" from allegations of being "groped." Plaintiff further alleges that he voluntarily underwent and passed a polygraph examination on March 28 and 29. Nevertheless, approximately seven officers subsequently executed a search warrant at Plaintiff's residence. Plaintiff contends officers obtained the warrant through a fraudulent affidavit that omitted both the favorable polygraph results and the potentially exculpatory forensic evidence. He further alleges that investigators knowingly withheld that evidence from the prosecutor assigned to the criminal investigation (*id.*).

Criminal charges were filed against Plaintiff on June 25 and 26, 2024. Plaintiff alleges that Defendant Sheriff Tony Manu subsequently made public statements supporting the complaining witness and condemning Plaintiff, despite the existence of evidence undermining the accusations. BCSO terminated Plaintiff's employment on June 27. Plaintiff further alleges that, on May 19, 2025, the assigned conflict prosecutor acknowledged to defense counsel that he

had not reviewed the potentially exculpatory forensic evidence and was unaware of Plaintiff's polygraph results. According to Plaintiff, Defendant Sergeant Michael Jons subsequently provided materially false testimony during Plaintiff's criminal trial on May 20, 2026. The following day, the criminal court entered a judgment of acquittal, terminating the proceedings in Plaintiff's favor (*id*. at 7–8).

Plaintiff also alleges that Bannock County maintained a custom or practice of selectively enforcing criminal laws and disciplinary policies against its employees. In support, he identifies three incidents in which BCSO allegedly treated other employees accused of serious misconduct more favorably than Plaintiff. Plaintiff contends this disparate treatment demonstrates an institutional practice of protecting favored employees while subjecting others to retaliatory investigations and prosecution. Plaintiff also alleges that Defendants' conduct caused substantial reputational damage, the loss of his law enforcement career, lost wages and benefits, significant legal expenses, and severe emotional distress. He alleges that the criminal prosecution required him to undergo an invasive psychosexual evaluation in September 2025 (*id*. at 5, 8).

Based on these allegations, Plaintiff asserts claims under 42 U.S.C. § 1983 for violations of his Fourth and Fourteenth Amendment rights, including malicious prosecution, fabrication of evidence, and deprivation of a protected liberty interest arising from the alleged public stigmatization and termination of his employment. He also asserts municipal liability against Bannock County under *Monell v. Dep't of Social Services*, 436 U.S. 658 (1978), and a state-law claim for intentional infliction of emotional distress. Plaintiff seeks compensatory damages, punitive damages against the individual Defendants, attorney fees, and other appropriate relief (Dkt. 2 at 5, 7–8).

Taking Plaintiff's factual allegations as true and construing his pro se Complaint liberally, the Court concludes that the Complaint is sufficient to proceed beyond initial review under 28 U.S.C. § 1915(e)(2)(B). Plaintiff identifies the alleged constitutional violations, provides a factual chronology of the events giving rise to his claims, and describes the resulting injuries. Although questions may remain concerning the ultimate sufficiency of particular claims, the Court concludes that dismissal at this preliminary stage is unwarranted. Accordingly, the Court will permit the Complaint to proceed and authorize service of process.

## V. CONCLUSION

The Court grants Plaintiff's request to proceed in forma pauperis, grants his request to restrict public access to the unredacted financial affidavit, and concludes the Complaint may proceed beyond initial review. Because Plaintiff proceeds in forma pauperis, the Court will direct service through the United States Marshals Service.

## VI. ORDER

**IT IS ORDERED that:**

1. The Court **GRANTS** Plaintiff's Application to Proceed In Forma Pauperis (Dkt. 1).

2. The Court **GRANTS** Plaintiff's Motion to Restrict Public Access to Form AO 240 Financial Affidavit (Dkt. 7). The Clerk of Court shall restrict public access to the unredacted Application (Dkt. 1).

3. Plaintiff's Complaint (Dkt. 2) may proceed beyond initial review under 28 U.S.C. § 1915(e)(2)(B). This determination does not foreclose any defense or challenge properly raised by Defendants.

4. Under Federal Rule of Civil Procedure 4(c)(3), the United States Marshals Service shall serve the Summons, once prepared, and the Complaint on Defendants. Plaintiff remains responsible for providing sufficient information to locate each Defendant for service.

5. Pursuant to General Order 457, this action is hereby returned to the Clerk of Court for random civil case assignment to a presiding judge, on the proportionate basis previously determined by the District Judges, having given due consideration to the existing caseload.

**DATED:** October 15, 2026

Amanda K. Brailsford

**Amanda K. Brailsford**
U.S. District Court Judge